IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Aqkwele Polidore,<br><br>                              Plaintiff,<br><br>v.<br><br>The City of Orangeburg,<br><br>                              Defendant. | C.A. No. 5:22-cv-02238-MGL-KDW<br><br>**AMENDED COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## EMPLOYMENT CASE

The Plaintiff respectfully alleges the foregoing.

## PARTIES AND JURISDICTION

1. The Plaintiff, Aqkwele Polidore (hereinafter "Plaintiff"), is a citizen and resident of Orangeburg County, South Carolina. At all times relevant to this action, Plaintiff was an employee of Orangeburg Department of Public Safety in Orangeburg County.

2. Defendant Orangeburg Department of Public Safety ("Defendant ODPS"), is a public safety department that provides police and fire services to Orangeburg County.

3. This action arises under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) *et seq.*) ("Title VII").

4. The subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which gives the District Court jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. [1]

---

[1] This action was originally filed naming "Orangeburg Department of Public Safety" as a defendant. Pursuant to FRCP Rule 15(a)(1) and notice from Defense Counsel regarding the proper name, Plaintiff amends her Complaint as a matter of course to replace "Orangeburg Department of Public Safety" with "The City of Orangeburg."

1

5. Venue lies within the Orangeburg Division pursuant to 28 U.S.C. § 1391, because Defendant is headquartered in this judicial division and the events giving rise to this claim occurred within this Division.

6. Plaintiff filed charges with the appropriate state and federal agencies, the right-to-sue letters have been received, and this action is timely.

## FACTUAL ALLEGATIONS

7. Plaintiff began serving as a full-time public safety officer for Defendant in or around 1998.

8. Plaintiff has served as a part-time public safety officer for Defendant since around August 2012.

9. Plaintiff has performed her job in a competent, if not more than competent, manner during her employment.

10. Plaintiff has met Defendant's legitimate employment expectations.

11. Plaintiff's supervisors and coworkers have subjected Plaintiff to disparate terms and conditions based on her race (black), sex (female), and protected reports of unfair treatment based on her race and sex during her employment.

12. Plaintiff began complaining about discriminatory treatment, unwelcomed advances, and inappropriate comments from her male supervisors and coworkers in 2005.

13. The treatment from Defendant toward Plaintiff has continued and worsened since she began complaining and is still ongoing.

14. Defendant removed Plaintiff's rank as sergeant when she became a part-time officer in 2012, whereas Defendant allowed similarly situated non-black and male part-time officers to maintain their rank.

15. Defendant did not restore Plaintiff's rank as sergeant until 2021 when one of her supervisors told Plaintiff that he "had to use the white boy as an example" to get her rank restored, referring to a white male employee who was allowed to keep his rank as a part time officer.

16. Defendant has paid Plaintiff less than similarly-situated non-black and male employees and refused to compensate Plaintiff for the same number of hours as her similarly-situated non-black and male employees.

17. Defendant has denied Plaintiff a vehicle to take home as a part-time officer, whereas Defendant has provided similarly-situated non-black and male employees with vehicles to take home.

18. Plaintiff has reported the mistreatment based on her race, sex, and protected activities to Defendant, but Defendant has dismissed her concerns or responded with hostility, and the unfair treatment and pay has continued and worsened.

**FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT**
**(Race Discrimination in Violation of Title VII)**

19. Plaintiff realleges the foregoing where consistent.

20. Plaintiff is a member of a protected class based on her race.

21. Plaintiff met Defendant's legitimate expectations.

22. Defendant treated Plaintiff in a disparate and hostile manner and denied Plaintiff fair terms and conditions of employment in comparison to similarly-situated non-black employees because of her race.

23. Defendant paid Plaintiff less and provided Plaintiff with fewer benefits than similarly situated non-black employees because of her race.

24. Defendant engaged in race discrimination against Plaintiff in violation of Title VII.

25. Defendant caused Plaintiff the following damages for which it is liable: back pay, front pay, back benefits, front benefits, pain and suffering, and emotional distress. Plaintiff is also entitled attorney's fees in accord with federal and state laws, and Plaintiff is entitled to injunctive relief to correct her pay. Plaintiff last requests, and is due, pre-judgment interest on all damages recovered.

**FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANT
(Sex Discrimination in Violation of Title VII)**

26. Plaintiff reallages the foregoing where consistent.

27. Plaintiff is a member of a protected class based on her sex.

28. Plaintiff met Defendant's legitimate expectations.

29. Defendant treated Plaintiff in a disparate and hostile manner and denied Plaintiff fair terms and conditions of employment in comparison to similarly-situated male employees because of her sex.

30. Defendant paid Plaintiff less and provided Plaintiff with fewer benefits than similarly situated male employees because of her sex.

31. Defendant engaged in sex discrimination against Plaintiff in violation of Title VII.

32. Defendant caused Plaintiff the following damages for which it is liable: back pay, front pay, back benefits, front benefits, pain and suffering, and emotional distress. Plaintiff is also entitled attorney's fees in accord with federal and state laws, and Plaintiff is entitled to injunctive relief to correct her pay. Plaintiff last requests, and is due, pre-judgment interest on all damages recovered.

**FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANT
(Retaliation in Violation of Title VII)**

33. Plaintiff realleges the foregoing where consistent.

34. Plaintiff engaged in protected activity by opposing and reporting Defendant's unlawful treatment toward Plaintiff based on her race and sex.

35. Defendant treated Plaintiff in a disparate and hostile manner and denied Plaintiff fair terms and conditions of employment in comparison to similarly-situated employees because of her protected activity.

36. Defendant paid Plaintiff less and provided Plaintiff with fewer benefits than similarly situated male employees because of her protected activity.

37. Defendant engaged in retaliation against Plaintiff in violation of Title VII.

38. Defendant caused Plaintiff the following damages for which it is liable: back pay, front pay, back benefits, front benefits, pain and suffering, and emotional distress. Plaintiff is also entitled attorney's fees in accord with federal and state laws, and Plaintiff is entitled to injunctive relief to correct her pay. Plaintiff last requests, and is due, pre-judgment interest on all damages recovered.

## **PRAYER FOR RELIEF**

WHEREFORE, for the actions alleged above, Plaintiff prays for judgment to be awarded against the Defendant for all recoverable damages she has suffered because of the claims alleged herein in an appropriate amount to be determined by a jury; as well as any other relief this Court should deem proper. Plaintiff further requests punitive damages and attorney's fees and costs. Last, Plaintiff requests pre-and post-judgment interest be awarded on all damages.

(SIGNATURE BLOCK ON NEXT PAGE)

**CROMER BABB PORTER & HICKS, LLC**

BY:    s/*Elizabeth Bowen*
      Elizabeth Bowen (Fed No. 12705)
      J. Paul Porter (Fed No. 11504)
      1418 Laurel Street, Ste. A
      Post Office Box 11675
      Columbia, South Carolina 29211
      Phone: 803-799-9530
      Fax: 803-799-9533
      Beth@cbphlaw.com
      Paul@cbphlaw.com

*Attorneys for Plaintiff*

August 17, 2022
Columbia, South Carolina

6