IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Aqkwele Polidore, | ) | C.A. No. 5:22-cv-02238-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER TO AMENDED COMPLAINT** |
| v. | ) | |
| | ) | |
| | ) | |
| The City of Orangeburg, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant answers the Amended Complaint as follows:

### FOR A FIRST DEFENSE

I. The Complaint fails to state a claim upon which relief may be granted.

### FOR A SECOND DEFENSE

II. Any and all adverse employment actions about which Plaintiff complains were taken for legitimate, nondiscriminatory and nonretaliatory reasons.

### FOR A THIRD DEFENSE

III. Punitive damages are not available against the Defendant.

### FOR A FOURTH DEFENSE

IV. The actions taken by Defendant were made for legitimate business reasons, in good faith, and without malice or intent to discriminate or retaliate. Defendant acted at all times in accordance with all state and federal laws.

### FOR A FIFTH DEFENSE

V. Defendant denies any discriminatory or retaliatory motive. Regardless, Defendant asserts

that it would have taken the same action absent any impermissible motivating factor.

## FOR A SIXTH DEFENSE

VI.     Plaintiff's claims are barred in whole or in part by Title VII's statute of limitation.

## FOR A SEVENTH DEFENSE

VII.    Plaintiff has failed to mitigate her damages and her claims are barred in whole or in part by the doctrine of avoidable consequences.

## FOR AN EIGHTH DEFENSE

VIII.   Plaintiff's claims are barred under the doctrines of estoppel, waiver, and laches.

## FOR A NINTH DEFENSE AND BY WAY OF ANSWER

IX.     A.      Each allegation of the Complaint not hereinafter expressly admitted is denied.

        B.      Defendant responds to the allegations of the Complaint by paragraph numbers corresponding to the respective paragraph numbers of the Complaint as follows:

        1.      Plaintiff's citizenship and residency are admitted upon information and belief. Defendant admits that Plaintiff is employed by the City of Orangeburg within its Department of Public Safety. Otherwise denied.

        2.      Denied as alleged. The Orangeburg Department of Public Safety is a department of the City of Orangeburg, South Carolina that provides police and fire services.

        3.      This is a characterization of the action requiring no response. To the extent a response is required, Defendant denies that it violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) et seq.) ("Title VII").

        4.      This is a jurisdictional allegation requiring no response. To the extent a response is required, it is admitted

5. This is a jurisdictional allegation requiring no response. To the extent a response is required, it is admitted

6. Denied. Defendant admits only that Plaintiff filed a charge of discrimination dated August 2, 2021, the South Carolina Human Affairs Commission investigated the charge and found no cause to believe there was a violation of the South Carolina Human Affairs Law, and the United States Equal Employment Opportunity Commission adopted the findings of the state agency and issued a Determination and Notice of Rights dated April 14, 2022.

7. Denied as alleged. Defendant affirmatively alleges that Defendant's personnel records reflect that Plaintiff was hired effective February 18, 1998, resigned effective July 31, 2012, and was rehired in a part-time position effective April 10, 2013.

8. Denied. Defendant affirmatively alleges that Defendant's personnel records reflect that Plaintiff was hired effective February 18, 1998, resigned effective July 31, 2012, and was rehired in a part-time position effective April 10, 2013.

9. Denied.

10. Denied.

11. Denied.

12. Defendant has no written records that support such an allegation, and so denies the same.

13. Denied.

14. Denied as alleged. Defendant affirmatively alleges that Plaintiff's and other part-time officers' ranks are reflected in Defendant's personnel records which speak for

themselves.

15. Defendant affirmatively alleges that Plaintiff's ranks held are reflected in Defendant's personnel records which speak for themselves. Otherwise denied.

16. Denied.

17. Denied.

18. Denied.

**AS TO THE FIRST CAUSE OF ACTION**,
(Race Discrimination in Violation of Title VII)

19. Defendant incorporates the prior paragraphs verbatim.

20. This is a legal conclusion requiring no response. To the extent a response is required, Defendant admits that Plaintiff's race is African-American.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**AS TO THE SECOND CAUSE OF ACTION**
(Sex Discrimination in Violation of Title VII)

26. Defendant incorporates the prior paragraphs verbatim.

27. This is a legal conclusion requiring no response. To the extent a response is required, Defendant admits that Plaintiff's sex is female.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

### AS TO THE THIRD CAUSE OF ACTION
(Retaliation in Violation of Title VII)

33. Defendant incorporates the prior paragraphs verbatim.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

C. Defendant denies Plaintiff's prayer for relief

WHEREFORE, having fully answered the Amended Complaint, Defendant requests that this action be dismissed and it be awarded its costs, attorneys' fees and such other and further relief as the Court may grant.

|  |  |
|---|---|
| August 25, 2022<br>Columbia, South Carolina | s/ Fred A. Williams<br>Stephen T. Savitz (FID No. 3738)<br>Fred A. Williams (FID No. 9934)<br>GIGNILLIAT, SAVITZ & BETTIS, LLP<br>900 Elmwood Avenue, Suite 100<br>Columbia, South Carolina  29201<br>Ph: (803) 799-9311 / Fax:  (803) 254-6951<br>ssavitz@gsblaw.net<br>fwilliams@gsblaw.net<br><br>ATTORNEYS FOR DEFENDANT |