# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Aqkwele Polidore,<br><br>        Plaintiff,<br><br>v.<br><br>The City of Orangeburg,<br><br>        Defendant. | C/A No.: 5:22-cv-02238-MGL-KDW<br><br>**PLAINTIFF'S ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES** |

In compliance with Local Rule 26.03 DSC, counsel for the Plaintiff submits the following information:

**(1) A short statement of the facts:**

**RESPONSE:**

Plaintiff (female) began her employment with Defendant in or around 1998. After an exemplary career working for Defendant, Plaintiff began working as a part-time public safety officer for Defendant in or around August 2012. Plaintiff has repeatedly been subjected to inappropriate advances from male supervisors and colleagues while being made to feel unwelcomed and demoralized during her employment for Defendant. Plaintiff complained of these advances and wrongful treatment to the appropriate chain of command, resulting in the treatment only worsening from her complaining. Following her complaints, Plaintiff was demoted in her rank as sergeant when becoming a part-time officer in 2012, although several white- male public safety officers had switched to being part time and never had their rank be demoted.

In August of 2021, Plaintiff had her rank restored to sergeant, being told that the supervisor returning her rank "had to use the white boy as an example". Meaning, a non-black male officer was working as a part-time public safety officer, maintaining his rank as well as making

1

significantly more than Plaintiff. This was deemed as the reasoning for why Plaintiff was given her rightful rank back, not because of her exemplary performance and excellent service record over the course of nearly two decades plus working for Defendant. Plaintiff has reported the constant mistreatment, race and sex discrimination and hostility from colleagues and supervisors to Defendant, no action was taken, and the treatment of Plaintiff has continued to spiral and worsen with time. Defendant has allowed the treatment of Plaintiff to become unfathomable.

**(2) The name of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE:**

1. Aqkwele Polidore is expected to testify as to all aspects of her case.
2. Deloris Edmonds may testify as to her knowledge of the treatment toward Plaintiff.
3. Samuel Jenkins may testify as to his knowledge of the treatment toward Plaintiff.
4. Jeff Mitchum may testify to his knowledge of the treatment toward Plaintiff.
5. Robert Walker may testify to his knowledge of the treatment toward Plaintiff.
6. Karen Sanders may testify to her knowledge of the treatment toward Plaintiff.
7. Mitch Jackson may testify to his knowledge of the treatment toward Plaintiff.
8. Terrell Brown may testify to his knowledge of the treatment toward Plaintiff.
9. Loretta Davis may testify to his knowledge of the treatment toward Plaintiff.
10. Sherrie Parham may testify to his knowledge of the treatment toward Plaintiff.
11. Delvin Williams may testify to his knowledge of the treatment toward Plaintiff.
12. Henry Bowman may testify to his knowledge of the treatment toward Plaintiff.
13. Pamela Bradley may testify to her knowledge of the treatment toward Plaintiff.

**(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE:** None.

At this time, the Plaintiff has not identified any expert witnesses but will provide the required expert witness disclosures within the deadlines set by the Scheduling Order.

**(4) A summary of the claims with statutory and/or case citations supporting the same.**

**RESPONSE:**

### Race Discrimination

Plaintiff's race discrimination claims are based on Title VII of the Civil Rights Acts of 1964 and 1991, as amended, 42 U.S.C. § 2000(e) *et. seq.*, and case law thereunder, including but not limited to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and its progeny. Plaintiff asserts that she can establish her race discrimination under the direct, indirect, and mixed motive methods of proof. *See*, *Cason v. S.C. State Ports Auth.*, No. 2:11-cv-2241-RMG, 2014 U.S. Dist. LEXIS 18708, (D.S.C. February 14, 2014); *Brinkley v. Harbour Recreation Club*, 180 F.3d 598 (4th Cir. 1999); *and*, *Green*, 411 U.S. 792.

### Sex Discrimination

Plaintiff alleges sex discrimination in violation of Title VII of the Civil Rights Act of 1964, The Civil rights Act of 1991, as amended, 42 U.S.C. Section 2000(e), *et seq.*, and case law thereunder. See, *Smith v. First Union Nat. Bank*, 202 F.3d 234 (4th Cir. 2000); *Price Waterhouse v. Hopkins*, 109 S.Ct. 1775 (1989). Also, including but not limited to *McDonnell Douglas v. Green*, 411 U.S. 792 (1993); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1991); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); and decisions from the Fourth Circuit, including but not limited to *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir. 1985).

3

**Retaliation under Title VII "Opposition"**

Plaintiff alleges a claim of retaliation under Title VII.  42 U.S.C. § 2000e-3(a) provides;

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because **he has opposed any practice made an unlawful employment practice by this subchapter**, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Plaintiff seeks to use "ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue." *Rhodes v. F.D.I.C.*, 257 F.3d 373, 391 (an ADA case, but noting the standard between ADA and Title VII retaliation is the same.). "To establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove '(1) that she engaged in a protected activity," as well as "(2) that her employer took an adverse employment action against her," and "(3) that there was a causal link between the two events.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (quoting *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir.2005)). Employees engage in protected activity when they reasonably believe, oppose and claim to their superiors that a violation of Title VII has occurred. *Id.* at 282. Once Plaintiff establishes the prima facie case, the burden shifts to the employer to provide evidence of a legitimate, non-discriminatory reason for taking the adverse employment action. *Rhodes*, 257 F.3d at 392.

With respect to pretext, "Proof that the defendant's explanation [(for an adverse action)] is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional

4

discrimination, and it can be quite persuasive." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 134 (2000). "In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." *Id*.

**(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02.**

    **i. Exchange of Fed. R. Civ. P. 26(a)(2) Expert Disclosures**
    **ii. Completion of discovery.**

**RESPONSE:**

    The parties consulted and agreed upon the Scheduling Order filed August 10, 2022.

**(6) The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

**RESPONSE:**

    The parties are unaware of any special circumstances at this time.

**(7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

**RESPONSE:**

    Not applicable.

**(Signature Page to Follow)**

**CROMER BABB PORTER & HICKS, LLC**

By: *s/ Elizabeth M. Bowen*
    Elizabeth M. Bowen (Fed ID No. 12705)
    J. Paul Porter (Fed ID No. 11504)
    1418 Laurel Street, Suite A (29201)
    Post Office Box 11675
    Columbia, South Carolina 29211
    Phone: 803-799-9530
    Fax: 803-799-9533
    beth@cbphlaw.com
    paul@cbphlaw.com
***Attorneys for Plaintiff***